**Pedro Barron ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–73490, 05–76686.**

United States Court of Appeals, Ninth Circuit.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted May 16, 2007.*

Filed May 24, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle E. Gorden Latour, Esq., P. Michael Truman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Pedro Barron Ortiz seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's order denying his application for cancellation of removal and the BIA's order denying his motion to reopen proceedings. We review the denial of a motion to reopen for abuse of discretion, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review in No. 05–73490 and we deny the petition for review in No. 05–76686.

We lack jurisdiction to review the BIA's discretionary determination that Ortiz failed to show exceptional and extremely unusual hardship to a qualifying relative.

*See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

Ortiz contends the IJ violated due process by not allowing his expert to testify. Contrary to Ortiz's contention, he was not "prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Ortiz failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

Ortiz's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed).

We are not persuaded that Ortiz's removal results in the deprivation of his child's cognizable rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir.2005).

The BIA did not abuse its discretion by denying Ortiz's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW in No. 05–73490 DISMISSED in part and DENIED in part. PETITION FOR REVIEW in No. 05–76686 DENIED.

Judge Pregerson dissents and would grant the petition for review in 05–76686. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding reopening warranted "where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening.") (quoting *In re S–V–,* 22 I. & N. Dec. 1306 (BIA 2000)).

